UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
JAIME KEELING,

                Plaintiff,          10 Civ. 9345 (TPG)

   – against –                 **OPINION**

NEW ROCK THEATER PRODUCTIONS,
LLC, EVE HARS, and ETHAN GARBER,

                Defendants.
------------------------------------------------x

    This case involves a claim for copyright infringement by plaintiff, Jaime Keeling, against defendants, New Rock Theater Productions ("New Rock") and Eve Hars and Ethan Garber. Defendants have moved to dismiss, arguing that Keeling's work, as a parody, cannot be copyrighted. Defendants' motion is denied.

**FACTS**

    These facts are taken from Keeling's complaint and, for the purposes of this motion, are assumed to be true.

    Keeling is the author and owner of copyrights in the script for "Point Break LIVE!", a stage play that is a parody of "Point Break," a popular motion picture released in 1991. Keeling does not have a copyright or license with regard to the original motion picture. Keeling's copyrights are for additions and modifications she made to "Point Break" in parodying it in her script for "Point Break LIVE!". Keeling did not

obtain permission from the copyright holders of "Point Break" before registering her own copyrights of her parody.

In 2007, Keeling negotiated a production agreement with Hars, the owner of New Rock, to stage a two-month run of performances of "Point Break LIVE!" in Los Angeles. Although the play was successful, Hars did not renew the production agreement with Keeling. Instead, Hars and New Rock allegedly repudiated the original agreement and took the position the Keeling had no rights to her script. These actions by Hars and New Rock were allegedly instigated by Garber, a New Rock investor.

Since early 2008, New Rock has continued to stage the play in Los Angeles and elsewhere without Keeling's permission and without compensating for the use of her script.

## DISCUSSION

In their motion to dismiss, defendants argue that Keeling's parody, as a derivative work, cannot be protected by copyright without the permission of the original copyright owner. This contention has no basis in law.

Creators of original works have many rights and remedies against those who infringe their work. However, their rights are limited when someone takes the original work and derives something new and different from it. This limitation on rights is called "fair use." 17 U.S.C. § 107. A parody is fair use under § 107. Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 579 (1994).

So long as the creator of the derivative work stays within the bounds of fair use and adds sufficient originality, she may also obtain a copyright. 17 U.S.C. § 103(a); see also Durham Industries, Inc. v. Tomy Corp., 630 F.2d 905, 908-09 (2d Cir. 1980). The copyright for a derivative work is more limited than that for an original work, however. Copyright protection for a derivative work "extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work." Id. at § 103(b); see also Earth Flag Ltd. v. Alamo Flag Co., 153 F. Supp. 2d 349, 353 (S.D.N.Y. 2001) ("Although derivative works are protectible, copyright protection extends only to the non-trivial, original contributions of the derivative work's author."). Although the original creator may create a derivative of her original work, § 106(2), nowhere is it stated that the creator of a derivative work cannot copyright the new portions of that derivative work without permission from the creator of the original work.

In fact, creators of derivative works often register their own copyrights--without permission from the holder of the original copyright-- and then sue those who create later derivative works from the same original but whose later derivative works are alleged to be too similar to the earlier derivative work and thus infringe on the earlier derivative work. See, e.g., Canal+ Image UK Ltd. v. Lutvak, No. 10 Civ. 1536 (RJH), 2011 WL 1158439 (S.D.N.Y. March 29, 2011); National Broadcasting Co., Inc. v. Sonneborn, 630 F. Supp. 524 (D.Conn. 1985). Nowhere in these

cases it is ever questioned whether the plaintiff--creator of the earlier derivative work--had obtained permission from the original copyright holder before registering her own copyright in the derivative work.

Defendants, in their motion to dismiss, cite to several cases in support of the contention that derivative works cannot receive copyright protection without permission of the original work's copyright holder. None of the cited cases says any such thing. In fact, none of the cited cases even involves the issue of the creator of a derivative work attempting to enforce her copyright. Instead, they all involve claims by original copyright holders alleging that the derivative work at issue is not fair use. These cases are uniformly unhelpful to the question at hand.

## DISCUSSION

Keeling's derivative work is eligible for copyright protection and therefore defendants' motion to dismiss is denied.

- 5 -

Dated: New York, New York
      May 17, 2011

                                                  Thomas P. Griesa
                                                  U.S.D.J.