UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
JAIME KEELING,

                Plaintiff,

-against-              Case No. 10 Civ. 9345 (TPG)

NEW ROCK THEATER PRODUCTIONS, LLC,
EVE HARS and ETHAN GARBER,

                Defendants.
--------------------------------X

### DEFENDANTS' ANSWER AND COUNTERCLAIMS

Defendants respond to the Complaint as follows:

1.  Defendants deny the allegations of paragraph 1 of the Complaint.

2.  Defendants deny the allegations of paragraph 2 of the Complaint.

3.  Defendants deny the allegations of paragraph 3 of the Complaint.

4.  Defendants deny the allegations of paragraph 4 of the Complaint.

5.  Defendants deny the allegations of paragraph 5 of the Complaint.

6.  Defendants deny the allegations of paragraph 6 of the Complaint.

7.  Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 7 of the Complaint and on that basis deny the allegations.

8.  Defendants admit that defendant New Rock Theater Productions, LLC is a New York State limited liability company and deny the remaining allegations of paragraphs 8 of the Complaint.

9.  Defendants admit the allegations of paragraph 9 of the Complaint.

10. Defendants deny the allegations of paragraph 10 of the Complaint.

11. Defendants deny the allegations of paragraph 11 of the Complaint.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants lack sufficient knowledge to admit or deny the allegations of the first sentence of paragraph 14 of the Complaint and on that basis deny the allegations therein and deny the allegations of the second sentence of paragraph 12 of the Complaint.

15. Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the
Complaint.

17. Defendants deny the allegations of paragraph 17 of the
Complaint.

18. Defendants deny the allegations of paragraph 18 of the
Complaint.

19. Defendants deny the allegations of paragraph 19 of the
Complaint.

20. Defendants deny the allegations of paragraph 20 of the
Complaint.

21. Defendants deny the allegations of paragraph 21 of the
Complaint but admit that a document entitled "Production
Agreement" annexed as Exhibit B to the Complaint exists and
speaks for itself.

22. Defendants deny the allegations of paragraph 22 of the
Complaint and state that Exhibit B speaks for itself.

23. Defendants deny the allegations of paragraph 23 of the
Complaint but admit that defendant New Rock Theater Productions,
LLC paid Keeling at least $1,500.

24. Defendants deny the allegations of paragraph 24 of the
Complaint.

25. Defendants deny the allegations of paragraph 25 of the
Complaint.

26. Defendants deny the allegations of paragraph 26 of the
Complaint.

27. Defendants deny the allegations of paragraph 27 of the
Complaint.

28. Defendants deny the allegations of paragraph 28 of the
Complaint.

29. Defendants deny the allegations of paragraph 29 of the
Complaint.

30.  Defendants incorporate paragraphs 1-29 by reference as if
fully set forth herein.

31. Defendants deny the allegations of paragraph 31 of the
Complaint.

32. Defendants deny the allegations of paragraph 32 of the
Complaint.

33. Defendants deny the allegations of paragraph 33 of the
Complaint.

34. Defendants deny the allegations of paragraph 34 of the
Complaint.

35. Defendants deny the allegations of paragraph 35 of the
Complaint.

36. Defendants deny the allegations of paragraph 36 of the
Complaint.

37. Defendants deny the allegations of paragraph 37 of the
Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants incorporate paragraphs 1-43 by reference as if fully set forth herein.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants incorporate paragraphs 1-47 by reference as if fully set forth herein.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

55. Defendants deny the allegations of paragraph 55 of the Complaint.

56.  Defendants deny the "prayer" paragraphs contained in pages 11 and 12 of the Complaint.

## Affirmative Defenses

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has failed to join indispensable parties.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of copyright misuse.

Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

Fifth Affirmative Defense

Plaintiff's claims are barred by laches.

Sixth Affirmative Defense

Plaintiff lacks standing.

Seventh Affirmative Defense

Plaintiff does not own or control the rights giving rise to the claims purportedly raised in the Complaint.

Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent they seek to claim copyright or other intellectual property rights as to works that are not copyrightable or protected.

Ninth Affirmative Defense

Plaintiff has failed to mitigate her damages, if any.

Tenth Affirmative Defense

The damages sustained by plaintiff, if any and as alleged in the Complaint, were caused in whole or in part by the culpable conduct of said plaintiff and not as a result of any culpable conduct on the part of defendant.

Eleventh Affirmative Defense

Plaintiff failed to perform her obligations required by defendants thereby relieving defendants of any obligation under the claims asserted by plaintiff.

7

Twelfth Affirmative Defense

Plaintiff's claims are barred by license, consent, acquiescence, waiver and/or estoppel.

Thirteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of fair use.

Fourteenth Affirmative Defense

Plaintiff's claims for statutory damages and/or attorney's fees are barred by the U.S. Constitution and the Copyright Act of 1976.

Fifteenth Affirmative Defense

Plaintiff's claims are barred for lack of subject matter jurisdiction to the extent plaintiff lacks a valid and enforceable registration of copyright.

Sixteenth Affirmative Defense

Plaintiff's claims are barred to the extent plaintiff has committed fraud upon the Copyright Office.

Seventeenth Affirmative Defense

Plaintiff's claims are barred because plaintiff's alleged work is not a parody under 17 U.S.C. 107 and/or otherwise permitted by the fair use doctrine under 17 U.S.C. 107.

Eighteenth Affirmative Defense.

Plaintiff's claims are barred because plaintiff is not the actual author or owner of any of the work that is the subject matter of plaintiff's claims.

Nineteenth Affirmative Defense.

Plaintiff's claims are barred because plaintiff's alleged work that is the subject matter of plaintiff's claims is not substantially similar to defendants' work at issue.

Twentieth Affirmative Defense.

Plaintiff's claims are barred because defendants did not have access to plaintiff's alleged work that is the subject matter of plaintiff's claims.

Twenty First Affirmative Defense.

The Court does not have personal jurisdiction over the defendants.

Twenty Second Affirmative Defense.

The claims in the Complaint are barred by the statute of limitations.

Counterclaims

Counterclaimant New Rock Theater Productions, LLC ("New Rock") hereby alleges as follows:

PARTIES

1.  Counterclaimant New Rock is a New York limited liability company with its principal place of business in Los Angeles, California.

2.  Upon information and belief, plaintiff/counter-defendant Jaime Keeling is an individual residing in Brooklyn, New York.

9

JURISDICTION AND VENUE

3.   This Court has personal jurisdiction over

Plaintiff/Counter-Defendant who, upon information and belief,

resides in New York State and in this District.  Moreover, upon

information and belief, Counter-Defendant's conduct occurred in

part in the State of New York and in this District.

This Court has jurisdiction over the first counterclaim pursuant

to 28 U.S.C. 1331 and 28 U.S.C. 1338(a), as the counterclaim

involves claims brought under federal law, the Copyright Act of

1976, 17 U.S.C. 101.  Supplemental subject matter jurisdiction

exists for the second and third counterclaims under 28 U.S.C.

1367 because those claims are so related to the plaintiff's

claims in this lawsuit and/or the First Counterclaim that they

form part of the same case or controversy.  Venue is proper in

this District under 28 U.S.C. 1391.

FIRST COUNTERCLAIM – DECLARATORY JUDGMENT INVALIDATING COPYRIGHT
PAu 3-337-717

4. Pursuant to a license between LEI Development Projects, Inc.

("LEI"), the owner of the copyright to the script and movie for

the film "Point Break" (the "Picture") and Counterclaimant dated

September 17, 2009, Counterclaim has obtained the right to

perform a theater production derived from the Picture.

Plaintiff contends that she has a superior right to perform a

theater production derived from the Picture compared to

Counterclaimant's licensed right and that Counterclaim has infringed a copyright registered by plaintiff as a derivative work of the Picture.  Plaintiff has not obtained permission or approval from LEI to register her copyright or create a derivative work utilizing the Picture.  Pursuant to 28 U.S.C. 2201(a) (Declaratory Judgment Act), Counterclaimant respectfully requests that the Court issue a declaratory judgment deeming the plaintiff's copyright PAu 3-337-717 invalid, void and unenforceable because (i) the Copyright Act of 1976 (17 U.S.C. 101 et. seq.) does not permit plaintiff to copyright an unauthorized derivative work under 17 U.S.C. 106(2) and/or 17 U.S.C. 107 [Sobhani v. @Radical.Media, Inc., 257 F.Supp.2d 1234, 1240 (C.D.Cal. 2003)], (ii) inasmuch as plaintiff's purported derivative work is pervaded by the Picture, plaintiff's purported derivative work cannot be copyrighted under 17 U.S.C. 106(2) [Eden Toys, Inc. v. Floreless Undergarments Co., 697 F.2d 27, 34, n.6 (2d Cir. 1982) and Dynamic Solutions, Inc. v. Planning Control, Inc., 646 F.Supp. 1329, 1340 (S.D.N.Y. 1986)], (iii)  plaintiff's purported derivative work is not a parody or other type of work permitted by the fair use doctrine under 17 U.S.C. 107, (iv) plaintiff is not the actual author or owner of any portion of the work that is the subject of said copyright, and/or (v) none of the work added to the Picture to create the purported derivative work is copyrightable or protectable.

SECOND COUNTERCLAIM – FRAUD

5.  Counterclaimant realleges and incorporates in this counterclaim the preceding allegations in this Answer and Counterclaims as if fully set forth herein.

6.  On or about September 20, 2007, plaintiff, located in Brooklyn, New York, misrepresented to defendant Eve Hars, President of Counterclaimant, located in Los Angeles, California, in a telephone conversation (i) that plaintiff was the author and sole owner of a theater production derived from the film "Point Break", (ii) that plaintiff had obtained permission from the owner of copyright to the film "Point Break" and the exclusive right from such owner to perform such production from the owner of the film "Point Break" and (iii) that plaintiff had obtained permission from the owner of copyright to the film "Point Break" and the exclusive right from such owner to sub-license to Counterclaimant the right to perform such production.  Relying separately on each of the said material misrepresentations, Counterclaimant executed an agreement dated September 23, 2007 with plaintiff attached as Exhibit B to the Complaint.

7.  But for each of plaintiff's misrepresentations, Counterclaimant would not have executed the agreement attached as Exhibit B to the Complaint.  In truth, plaintiff was not the author or owner of any portion of the theater production based

12

on the film "Point Break" that was the subject of Exhibit B to the Complaint and had not obtained permission or the right from the copyright owner of the film "Point Break" to perform or sub-license the right to perform a theater production derived from the film "Point Break."

8. In truth, at the time plaintiff made said misrepresentations of material facts, plaintiff knew they were not true, and intentionally and knowingly made the false and fraudulent misrepresentations to induce Counterclaimant to execute Exhibit B to the Complaint.

9.   Counterclaimant, to its substantial detriment, reasonably relied separately on each of the aforementioned misrepresentations, believing them to be true, executed Exhibit B to the Complaint and paid certain monies to plaintiff.

10.  Because plaintiff fraudulently intended to induce Counterclaimant to detrimentally rely on plaintiff's intentional misrepresentations, and because Counterclaimant did detrimentally rely upon plaintiff's intentional misrepresentations, and because plaintiff concealed the truth from Counterclaimant, Counterclaimant is entitled to rescission, nullification, repudiation and/or cancellation of Exhibit B to the Complaint and damages and/or restitution of any monies received by plaintiff from Counterclaimant, plus applicable interest.

THIRD COUNTERCLAIM – VIOLATION OF N.Y.GEN.BUS.LAW 349

11.  Counterclaimant realleges and incorporates in this counterclaim the preceding allegations in this Answer and Counterclaims as if fully set forth herein.

12.  Plaintiff is employing an unlawful, unfair and/or deceptive business practice, as described above, that is consumer-oriented and has a broad impact on consumers at large.

13.  Plaintiff's false allegations and unlawful, unfair and/or deceptive business practices are each aimed at deterring the consumer from engaging in legitimate business with Counterclaimant.

14.  As a direct and proximate result of these deceptive trade practices, Counterclaimant has been and will continue to be injured in its business and property, including, without limitation, attorneys fees expended in connection with this lawsuit.

15.  As a direct and proximate result of these deceptive trade practices, consumers will be injured.

JURY DEMAND

16. Defendants demand a trial by jury in connection with plaintiff's claims and the counterclaims.

PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaimant pray for relief as follows:

17.    That plaintiff take nothing as a result of her Complaint, that plaintiff's claims be dismissed with prejudice and that defendants be awarded their costs and reasonable attorneys' fees.

18.   On the First Counterclaim:

   (a)  a declaratory judgment as set forth above;

   (b) an award of attorneys fees, costs and expenses of suit incurred herein; and

   (c) such other and further relief as this Court may deem just and proper.

19.   On the Second Counterclaim:

   (a) an award of actual damages or restitution in an amount according to proof and punitive damages;

   (b) rescission, nullification, repudiation and/or cancellation of Exhibit B to the Complaint;

   (c) an award of attorneys fees, costs and expenses of suit incurred herein; and

   (c) such other and further relief as this Court may deem just and proper.

20.   On the Third Counterclaim:

   (a) an award of actual damages in an amount according to proof and punitive damages;

   (b) an award of attorneys fees, costs and expenses of suit incurred herein; and

(c) such other and further relief as this Court may deem just

and proper.

Dated: May 31, 2011
New York, New York          __/s/_____
                            Gabriel Fischbarg, Esq.,
                            401 Fifth Avenue, 7th Floor
                            New York, NY 10016
                            212-401-4906
                            Attorney for defendants

<u>CERTIFICATE OF SERVICE</u>

GABRIEL FISCHBARG, ESQ., being of full age, hereby certifies as follows:

1.   I am attorney for defendants.

2.   On May 31, 2011, I caused to be served a true and correct copy of the within Answer and Counterclaims dated May 31, 2011 by electronic filing and First Class Mail upon plaintiff's attorneys at Covington & Burling, LLP, 620 8th Avenue, New York, New York 10018.

3.   I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 31, 2011 _____/s/_____
                        Gabriel Fischbarg