UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
JAIME KEELING,

                 Plaintiff,          10 Civ. 9345 (TPG)

    – against –                  **OPINION**

NEW ROCK THEATER PRODUCTIONS,
LLC, et al.,

                 Defendants.
------------------------------------------------x

      This is an action for copyright infringement, breach of contract, and tortious interference with contractual relations.  Plaintiff Jaime Keeling claims defendants staged live productions of "Point Break LIVE!," an alleged parody that she wrote of the popular "Point Break" film, without her permission, in violation of her copyright in that parody and contractual rights owed to Keeling by defendants.

      Defendants move for summary judgment dismissing Keeling's copyright claim and confirming their counterclaim for copyright invalidity.  The motion is denied.

## DISCUSSION

      Defendants' motion first reiterates an argument – that Keeling could not have obtained copyright in her script of "Point Break LIVE!" because she did not have the permission of the original copyright holder – that this court has already rejected on two occasions.  The court again finds this argument unpersuasive, for the reasons discussed in its prior

opinions in this case.  See Keeling v. New Rock Theater Prods., LLC, No. 10 Civ. 9345 (TPG), 2011 U.S. Dist. LEXIS 52736, at *2-5 (S.D.N.Y. May 17, 2011) (denying defendants' motion to dismiss); Keeling v. New Rock Theater Prods., LLC, No. 10 Civ. 9345 (TPG), 2011 U.S. Dist. LEXIS 61377, at *2-3 (S.D.N.Y. June 7, 2011) (denying defendants' motion for reconsideration).

Defendants also claim that Keeling's "Point Break LIVE!" does not contain any original elements that are protectable by copyright, but merely makes use of "theatrical devices."  Although defendants are correct that theatrical devices cannot be copyrighted, Keeling is entitled to copyright for her original creative expression that makes use of theatrical devices.  See Harper & Row, Publrs. v. Nation Enters., 471 U.S. 539, 547 (1985).

The remainder of the motion is denied because there are factual issues for trial.

First, defendants claim Keeling is not entitled to copyright protection in her script because the original "Point Break" "pervades" her "Point Break LIVE!" script.  See Eden Toys, Inc. v. Florelee Undergarment Co., Inc., 697 F.2d 27, 34 n. 6 (2d Cir. 1982).  Keeling argues "Point Break" does not pervade her script, and has set forth evidence demonstrating a number of original elements in her script.  Based on the evidence Keeling has submitted and the differences between the original

"Point Break" and Keeling's "Point Break LIVE!", there are triable issues of fact.

Second, defendants claim that they are entitled to judgment as a matter of law because "Point Break LIVE!" is not a parody of "Point Break," but rather is just a more humorous stage version of "Point Break" that makes no critical commentary on "Point Break."  However, Keeling has set forth sufficient evidence for a reasonable jury to find that "Point Break LIVE!" is a parody of "Point Break," which criticizes and comments on the substance and style of "Point Break" by the use of humor and exaggeration.

Third, there is a triable issue regarding the impact of Keeling's "Point Break LIVE!" on the market for the original "Point Break" motion picture, which is an element of the fair use defense to copyright infringement.  See 17 U.S.C. § 107.  Keeling seeks discovery regarding the impact of her script on the market for the original "Point Break" motion picture because she believes her version of "Point Break LIVE!" may actually enhance the market for the original "Point Break."  Such discovery is appropriate.

Finally, defendants have not established conclusively that their performances of "Point Break LIVE!" were not substantially similar to plaintiff's script.  As a preliminary matter, defendants contend that the court should compare Keeling's script to a script ("the NRTP script") that defendants have attached to their motion papers.  Defendants claim they

utilized the NRTP script in their performances of "Point Break LIVE!." Keeling has produced a different script that she obtained in discovery, which she claims was used in defendants' performances of "Point Break LIVE!". Thus, there is an issue of fact with regard to which script or scripts defendants used in their live performances of "Point Break LIVE!". Moreover, due to a number of similarities between Keeling's script, the NRTP script, and defendants' live productions of "Point Break LIVE!," defendants have not shown that they are entitled to summary judgment on their claim that their performances of "Point Break LIVE!" were not substantially similar to Keeling's script.

## CONCLUSION

Defendants' motion for summary judgment is denied. This opinion disposes of the motion listed as document number 25 on the docket.

SO ORDERED.

Dated: New York, New York
       December 13, 2011

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/11