UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x
:
:
JAMIE KEELING                          :
          Plaintiff,      :
:         10 Civ. 9345
    v.                                  :
:         **OPINION**
NEW ROCK THEATER PRODUCTIONS,          :
LLC, EVE HARS, and ETHAN GARBER.       :
:
          Defendants.     :
:
---------------------------------------------x

    This is an action for copyright infringement, breach of contract, and tortious interference with contract.  Plaintiff Jaime Keeling alleges that defendants staged live productions of a show called "Point Break LIVE!" which Keeling claims to have written as a parody of the 1991 blockbuster "Point Break."  Though Keeling had, for a time, licensed the work to defendants, defendants allegedly repudiated their license agreement but continued to stage unlicensed, infringing productions of the show.

    Defendants, for the second time, move for summary judgment.  This time they seek to either dismiss the complaint in its entirety, dismiss the complaint against defendant Ethan Garber, or only dismiss plaintiff's claims for statutory damages.  Defendants' motion is denied in each of these respects.

**Discussion**

I. K<small>EELING</small>'<small>S</small> C<small>OPYRIGHT</small> I<small>NFRINGEMENT</small> C<small>LAIM IS NOT</small> T<small>IME</small>-B<small>ARRED</small>

Defendants argue that Keeling's copyright infringement claim, filed in December 2010, is time-barred because it came more than three years after defendants' allegedly-infringing performance of her work in January 2007.

A cursory reading of Keeling's complaint, however, reveals that this is not the performance that gave rise to this lawsuit. This lawsuit relates to a performance staged by defendants in January of 2008, one year later. Under copyright law, each infringing act is a distinct harm giving rise to an independent claim for relief. See Stone v. Williams, 970 F.2d 1043, 1049-50 (2d Cir. 1992).

Therefore, Keeling's infringement claim is not time-barred.

II. P<small>LAINTIFF</small>'<small>S</small> D<small>ECISION NOT TO</small> H<small>IRE AN</small> E<small>XPERT</small> W<small>ITNESS TO</small> T<small>ESTIFY</small> <small>ABOUT</small> P<small>ARODY</small> L<small>AW</small> D<small>OES</small> N<small>OT</small> W<small>ARRANT</small> D<small>ISMISSAL</small>

Defendants suggest that expert testimony will be necessary to inform the jury about the legal meanings of "parody" and "fair use" and that, therefore, failure to hire such an expert to testify at trial warrants dismissal of the case. There is no basis in law for such a conclusion.

It is true, of course, that in cases where the factual basis of a cause of action is so far from the understanding of a lay person, an expert witness might be needed to explain that specialized area of knowledge to the jury. But

this is crucially different from a case where it is the law, and not the facts that are complex. In cases like this, an expert is always available in the form of a judge. In fact, not only is it unnecessary for Keeling to retain an expert in parody law to instruct the jury, such legal instruction from the witness stand is actually impermissible. See Hygh v. Jacobs, 961 F.2d 359, 364 (2d Cir. 1992).

Thus, there is no merit to defendants' contention that the complaint must be dismissed for failure to secure expert testimony. Accordingly, because the court does not dismiss Keeling's copyright infringement claim, it retains jurisdiction over her related state-law claims.

### III. A Factual Dispute Remains Regarding Garber's Participation in the Alleged Infringement

Defendants argue that Garber cannot be vicariously liable for copyright infringement allegedly committed by New Rock because he was not a corporate officer, did not control its actions, did not supervise the allegedly infringing activity, had no financial stake in the activity, and did not directly participate. But, to the contrary, there is ample evidence to sustain a genuine dispute about a number of these factual conclusions. Specifically, the evidence of record supports the conclusion that Garber was a minority owner of New Rock, that Garber knew that New Rock's business involved staging performances of the allegedly-infringing work, that New Rock sought approval from Garber before entering into business agreements and, crucially, that it was Garber who encouraged New Rock to repudiate its license with Keeling but to continue

staging unlicensed performances of "Point Break LIVE!" in an effort to maximize profits.

Therefore, there remains a genuine factual dispute about whether Garber "profit[ed] from direct infringement while declining to exercise the right to stop or limit it." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 914 (2005).

## IV. KEELING MAY BE ENTITLED TO STATUTORY DAMAGES

Section 412 of the Copyright Act forbids recovery of statutory damages for copyright infringement relating to an unpublished work when the infringement began before the copyright was registered. Defendants contend that the infringement that is the subject of this lawsuit was simply a part of a continuous alleged infringement beginning in January of 2007. Keeling's copyright registration became effective January 4, 2008. Therefore, defendants argue, the alleged infringement began before she registered the copyright and, accordingly, she is not entitled to statutory damages.

The validity of this reasoning depends, however, on whether the January 2008 infringement that is the subject of this lawsuit was indeed a continuation of the January 2007 infringement – that is, whether the January 2008 infringement was a part of an already-ongoing series of infringements. Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 158 (2d Cir. 2007). But the evidence of record is sufficient to support a genuine factual dispute regarding whether the January 2008 performance was part of a series, and thus is sufficient for

Keeling's claim for statutory damages to survive this motion for summary judgment. The evidence lends support to the conclusion that after January 2007, New Rock's productions ceased for approximately nine months after which they resumed under the auspices of a production agreement with Keeling. They then continued for about three months before New Rock repudiated the agreement. It appears that New Rock's first production after its repudiation of the agreement was on January 4, 2008 – the same day, and thus not prior to, the effective date of Keeling's copyright registration.

If this is the case, then it would be impossible to conclude that the January 2008 performance was part of a continuous series of infringement starting prior to Keeling's registration date. Therefore, defendants' motion for summary judgment dismissing Keeling's claim for statutory damages is denied.

## Conclusion

Defendants' motion for summary judgment is denied in its entirety.

So ordered.

Dated: New York, New York
November 29, 2012

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOC[...]
EL[...] Y FILED
DO[...]
DATE FILED: Nov 29 2012

-5-