UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
:
JAIME KEELING,                                         :     10-CV-9345 (TPG) (GWG)
:
                Plaintiff,              :
:
       v.                                               :     **ECF CASE**
:
NEW ROCK THEATER PRODUCTIONS, LLC, a New :
York limited liability company, EVE HARS, and          :
ETHAN GARBER,                                          :
:
                Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION

Plaintiff Jaime Keeling respectfully submits this memorandum of law in support of her motion for an order permanently enjoining Defendants from infringing her copyright in *Point Break LIVE!*.

Ms. Keeling's copyright claim asserted that defendants New Rock Theater Productions, LLC ("New Rock"), Eve Hars, and Ethan infringed her script for *Point Break LIVE!* by staging performances of *Point Break LIVE!* without permission.  On December 7, 2012, after a week-long trial, the jury agreed, and found that each of the Defendants infringed Keeling's copyright in *Point Break LIVE!*.  *See* December 7, 2012 Docket Entry.  New Rock has continued to stage infringing performances of *Point Break LIVE!* and has indicated that it will continue to do so.  *See* December 7, 2012 Declaration of Ethan Jacobs in Support of Plaintiff's

Motion for a Permanent Injunction (the "Jacobs Decl."), ¶¶ 2-3.  Keeling is entitled to a permanent injunction to stop that ongoing infringement.[1]

### Argument

Keeling has demonstrated the elements necessary for the Court to enjoin Defendants from continuing to infringe her copyrights.  Under Section 502(a) of the Copyright Act, the Court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  The court may use its equitable discretion to grant a permanent injunction when the plaintiff has demonstrated (1) that she has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendants, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see also Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010) (holding that *eBay* applies in context of injunctions issued for copyright infringement).  As set out below, each of these elements is satisfied and a permanent injunction is warranted.

Accordingly, we respectfully request that the Court issue an order against Defendants New Rock, Eve Hars, and Ethan Garber (collectively, "Defendants"), along with their respective officers, directors, principals, agents, representatives, servants, employees, affiliates, successors or assigns, and any person or entity acting on their behalf or in concert or participation with them, (1) permanently enjoining them from infringing Jaime Keeling's copyright by publicly performing, copying, distributing, displaying, marketing, advertising, or

---

[1] Defendant Ethan Garber consents to the entry of an order permanently enjoining the all the Defendants from producing *Point Break LIVE!*.  Jacobs Decl. ¶ 4.

offering to license (a) the stage play known as *Point Break LIVE!*, (b) Keeling's copyrighted script for *Point Break LIVE!*, and (c) all scripts Defendants have used to stage *Point Break LIVE!* in the past, and (2) permanently enjoining them from engaging in any other activity constituting an infringement of Keeling's copyright in *Point Break LIVE!*.

**I.   Defendants' ongoing infringement will irreparably harm Keeling.**

Harm can be irreparable for many reasons, including that "a loss is difficult to replace or difficult to measure, or that it is a loss that one should not be expected to suffer." *Salinger*, 707 F.3d at 81.  Where, as here, a defendant's infringing product is similar enough to the plaintiff's work that there is a possibility of market confusion, injunctions are warranted because proving loss of sales due to such infringement is "notoriously difficult."  *Id.* (citation omitted); *see also WPIX, Inc. v. ivi, Inc.*, 765 F. Supp. 2d 594, 618 (S.D.N.Y. 2011), *aff'd*, 691 F.3d 275 (2d Cir. 2012) (loss to copyright holder due to availability of infringing work is irreparable because it is notoriously difficult to prove and nearly impossible to quantify).

As Ms. Keeling testified, Defendants' infringing performances are an obstacle to her producing performances at the same time.  Jacobs Decl. ¶ 5.  The injury to Keeling from Defendants' continued infringing productions is irreparable because those productions violate her statutory right to exclude others from copying her work, wrongfully diminish the demand for her script for *Point Break LIVE!*, and interfere with her ability to commercially exploit the script herself.

**II.   Legal remedies are inadequate to prevent Defendants from continuing to infringe her copyright.**

A plaintiff has no adequate remedy at law where, absent an injunction, the defendant is likely to continue infringing her copyright.  *Pearson Educ., Inc. v. Vergara*, No. 09 Civ. 6832, 2010 WL 3744033, at *4 (S.D.N.Y. Sep. 27, 2010) (citation omitted); *see also*

3

*Hounddog Prods., LLC v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 633 (S.D.N.Y. 2011) (finding that legal remedies were inadequate where "there [was] no evidence to suggest that [defendant] has stopped or will stop marketing and distributing [the infringed work]," and noting that plaintiff's evidentiary submissions indicated that defendant "[would] continue to manufacture and distribute the [infringed work]"). New Rock has made clear that it intends to continue to stage infringing productions of *Point Break LIVE!* despite the verdict against Defendants. *See* Jacobs Decl. ¶ 3. Only an injunction can restore control of *Point Break LIVE!* to Keeling, its rightful owner.

### III. The balance of hardships favors imposing a permanent injunction.

As for the balance of harms, "it is axiomatic that an infringer of copyright cannot complain about the loss of ability to offer its infringing product." *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2010) (citation omitted). Also, an infringer "cannot be legally harmed by the fact that it cannot continue [its infringing conduct], even if this ultimately puts [the infringer] out of business." *Id.* (citation and internal quotation mark omitted). Here, the absence of an injunction allows Defendants to infringe Keeling's legal right to control who performs *Point Break LIVE!* and allows them to interfere with her ability to benefit from the financial value of her script. Defendants, in contrast, would suffer no legally cognizable hardship from an injunction against further infringement.

### IV. A permanent injunction would not disserve the public interest.

The public's interest in preventing copyright infringement is generally congruent with the plaintiff's interest: to the extent copyright law accomplishes its goal of promoting the store of knowledge available to the public by "providing individuals a financial incentive to contribute to the store of knowledge, the public's interest may well be already accounted for by the plaintiff's interest." *Salinger*, 607 F.3d at 82; *see also Warner Bros. Entm't v. RDR Books*,

575 F. Supp. 2d 513, 553 (S.D.N.Y. 2008) ("to serve the public interest, copyright law must prevent the misappropriation of the skills, creative energies, and resources which are invested in the protected work") (citation, brackets, and internal quotation marks omitted).  The public interest would be served by restoring control of *Point Break LIVE!* to its rightful owner.

## Conclusion

For the reasons set forth above, Keeling respectfully requests that the Court issue an order permanently enjoining New Rock, Hars, and Garber from infringing Keeling's copyright consistent with the terms proposed on pages 2-3 above.

Dated:   New York, New York          VINSON & ELKINS LLP
         December 20, 2012

                                    By: /s/ Ethan Jacobs
                                         Ethan Jacobs

                                    666 5th Avenue
                                    New York, NY  10103
                                    (212) 237-0000
                                    ejacobs@velaw.com

                                    *Attorneys for Plaintiff Jaime Keeling*

5