UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 11, 2013

---

JAIME KEELING,

                Plaintiff,

        v.

NEW ROCK THEATER PRODUCTIONS, LLC, EVE HARS, and ETHAN GARBER,

                Defendants.

10 Civ. 9345

**OPINION**

---

    This is a copyright dispute between plaintiff Jaime Keeling and defendants Eve Hars, Ethan Garber, and their production company, New Rock Theater Productions, LLC. The work at issue is a theater production called *Point Break LIVE!*

    A jury trial was concluded in this case on December 7, 2012. The jury found in Keeling's favor, concluding that

- Keeling is the sole-owner of *Point Break LIVE!*
- *Point Break LIVE!* was a parody, and thus made fair use, of the film *Point Break*
- All three defendants infringed Keeling's copyright (though not willfully)
- Keeling suffered $50,000 in damages
- Defendants' profits over five years of infringing activity totaled $200,000

    Plaintiff has moved for attorneys fees totaling $84,500. The motion is denied.

The Copyright Act provides that, in the court's discretion, costs and a reasonable attorney's fee may be awarded to the prevailing party in an infringement action. 17 U.S.C. § 505. In exercising that discretion the court considers "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." Bryant v. Media Right Prod's, Inc., 603 F.3d 135, 144 (2d Cir. 2010). In that calculus, the court gives substantial weight to the third factor, whether the claims or defenses were objectively unreasonable. Id.

In this case the defenses were not unreasonable. It is true that defendants' initial legal contention, that a work of parody was not protectable under copyright law, was entirely lacking in merit. If this had formed the entirety of defendants' case, the court might take a dimmer view of the reasonableness of their defenses.

But defendants had other arguments. Defendants contended that *Point Break LIVE!* was, in fact, a joint work of Keeling and a man named Jamie Hook. Hook testified at the trial and the testimony he gave might indeed have supported this theory. The jury, however, evidently found his testimony not to be credible.

Keeling goes further and suggests that defendants knew that Hook was not a true coauthor all along, and that his testimony was "inherently incredible" — and thus could not form the basis for an objectively reasonable defense — because it was internally contradictory. In fact, Keeling argues that Hook's testimony was "a fabrication" that

-2-

defendants knew to be false and that they tried to shield from scrutiny by the plaintiff by making Hook unavailable to them before trial.

In the court's view, however, it is far from clear that Hook's account, and the defense based upon it, were concocted with the bad faith that Keeling ascribes to it. It is true that Hars wrote, in 2007, the she believed Keeling's story and thought that Hook "is basically trying to steal the credit/rights for something [Jaime] conceived and created." But this email was sent years before this lawsuit began, and there is ample evidence from which to conclude that defendants' attitudes towards Hook and Keeling, and their respective credibility, have changed considerably since then. And, taking Hook's testimony at face value, it did lend some evidentiary support to the defendants' contention that Hook coauthored *Point Break LIVE!* This defense was not objectively unreasonable.

Similarly, in the court's view, defendants raised a legitimate factual issue regarding whether Garber actually owned or controlled New Rock and, accordingly, whether he could be vicariously liable for the other defendants' infringement. The jury, of course, concluded that he was liable, but Garber's defense was not objectively unreasonable.

Therefore, because defendants' case was not objective unreasonable, and none of the other Bryant factors are strongly implicated, plaintiff's motion for attorney's fees is denied.

So ordered.

Dated:  New York, New York
        March 11, 2013

/s/ Thomas P. Griesa
Thomas P. Griesa
United States District Judge

-3-